IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD CAMPBELL, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 06-0266 |
| | : | |
| UNITED STATES OF AMERICA, | : | (Criminal Case No.: 01-0213-1) |
| | : | |
| Respondent. | : | |

## MEMORANDUM AND ORDER

Tucker, J.                                                                                              June 13, 2007

Presently before the Court is *pro se* Petitioner Bernard Campbell's Habeas Corpus Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 91 of criminal case no. 01-0213-1). For the reasons set forth below and upon consideration of the parties' arguments, the entire record and the applicable law, the Court finds that Petitioner's Habeas Motion should be **DENIED**.

## BACKGROUND

On April 24, 2001, Petitioner Bernard Campbell was charged with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The indictment also gave notice of Petitioner's status as an armed career criminal. On May 10, 2001, Petitioner entered a plea of not guilty. At a jury trial conducted on September 24 - 28, 2001, Petitioner was convicted on the substantive count of the indictment. The jury also found beyond a reasonable doubt that Petitioner met the elements for an armed career criminal pursuant to 18 U.S.C. § 924(e).

At a sentencing hearing on March 8, 2002, the Court appointed new counsel to represent Petitioner.  On April 2, 2003, Petitioner submitted a *pro se* "Motion to Dismiss the Indictment for a Violation of the Interstate Agreement on Detainers Act," and on April 14, 2003, Petitioner, through his new counsel, filed a motion for a new trial.  After an evidentiary hearing held on September 17, 2003, this Court denied Petitioner's motions for a new trial and for dismissal of the indictment.  At this hearing, Petitioner's counsel asked his client to list the witnesses whom Petitioner had requested his trial counsel to subpoena.  Petitioner listed four people: William Best (Petitioner's criminal cohort), Viola Campbell (Petitioner's wife), Albert Campbell (Petitioner's mother) and himself.  On October 10, 2003, the Court ruled that Petitioner had failed to demonstrate his claim that counsel at trial was ineffective, specifically finding that Petitioner had met neither of the required two prongs of the U.S. Supreme Court's test in Strickland v. Washington, 466 U.S. 668 (1984).

At a sentencing hearing held on December 1, 2003, this Court sentenced Petitioner to 190 months imprisonment and five years of supervised release.  This sentence was at the low end of the applicable guidelines range.

Petitioner appealed his sentence to the U.S. Court of Appeals for the Third Circuit.  On April 19, 2005, the Third Circuit affirmed this Court's Order.  On May 2, 2005, Petitioner filed a petition for rehearing, which was denied by the Third Circuit on August 17, 2005.  Subsequently, Petitioner filed the instant Motion under 28 U.S.C. § 2255, in which he claims that his Fifth and Sixth Amendment rights to due process have been violated due to his trial counsel's ineffectiveness.  Specifically, Petitioner claims that his trial counsel's failure to subpoena two witnesses, William Rush (a.k.a. William Best) and Dee Flynn, resulted in extreme prejudice and denial of due process.

## STANDARD OF REVIEW

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668 (1984). The two-pronged Strickland test requires Petitioner to show not only that counsel's performance was deficient, but also that "such deficient performance prejudiced the defense." Id. at 687. In order to prove deficiency of counsel, Defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed Petitioner by the Sixth Amendment." Id. Furthermore, Defendant must prove that counsel's performance prejudiced the defense by illustrating that "counsel's errors were so serious as to deprive Petitioner of a fair trial, a trial whose result is reliable." Id. Additionally, a Defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. If Petitioner does not satisfy either prong of the test, his claim for ineffective assistance of counsel fails, making a determination on the remaining prong unnecessary. Id. at 697.

## DISCUSSION

In his petition, Petitioner seeks habeas corpus relief, alleging that his trial attorneys were so ineffective as to fail to meet the constitutionally required standard. Petitioner, however, is not entitled to relief because his claim of ineffective counsel fails to satisfy either of the two required prongs of the Strickland test. First, in proving deficiency of counsel, Petitioner must show that counsel's performance fell below "the proper measure of attorney performance" stated by the U.S. Supreme Court, which is "simply reasonableness under prevailing professional norms."

Strickland, 466 U.S. at 688.  Further, in deciding an ineffectiveness claim, this Court must consider "whether counsel's assistance was reasonable considering all the circumstances."  Id.

Here, Petitioner has failed to show that his counsel's performance was in any way deficient or that such allegedly deficient performance prejudiced his defense.  Petitioner's allegation of ineffective counsel is based on his trial attorneys' alleged failure to subpoena two witnesses, William Rush (a.k.a. William Best) and Dee Flynn, a government employee involved in the acquisition of gun trace information and the creation of the ATF Trace report.  Petitioner's trial attorneys' decision to not subpoena these witnesses, however,  is not enough to show that Petitioner satisfies the first prong of the Strickland test.

The record shows that defense counsel likely declined to call these witnesses because their testimony would not have assisted Petitioner's case.  Petitioner's trial attorneys likely chose not to subpoena Mr. Best, Petitioner's criminal cohort, because Petitioner admitted, in his pre-trial proffer, that both he and Mr. Best possessed guns in order to rob drug dealers on the night of Petitioner's arrest.  (See Tr. of Sep. 17, 2003 at 52.)  If Mr. Best's testimony had factually exculpated Petitioner, this testimony would have been inconsistent with Petitioner's own prior statement, making such testimony ethically impossible for defense counsel.  "Whatever the scope of a constitutional right to testify, it is elementary that such a right does not extend to testifying *falsely*."  Nix v. Whiteside, 475 U.S. 157, 173 (1986).  Thus, trial counsel's decision to not subpoena Mr. Best does not demonstrate lack of effectiveness.

Further, even if Mr. Best had testified, there is no proof that his testimony would have been credited by the jury.  This is especially true if Mr. Best's testimony contradicted Petitioner's prior statement.  Moreover, the record shows that it is questionable whether Mr. Best would have been willing to testify.  (See Tr. of Sep. 17, 2003 at 64).

Similarly, Petitioner's trial counsel did not err in failing to subpoena Ms. Flynn.  When asked at the September 2003 hearing which witnesses he had requested his trial counsel to subpoena, Petitioner did not list Ms. Flynn.  However, trial counsel had already considered, and rejected, the possibility of subpoenaing Ms. Flynn, whose only involvement in the case was producing a trace record for the firearms, and who stated to an agent in the matter that she did not feel qualified to discuss this document.  (See Trial Tr. of Sep. 26, 2001, 3-9.)  Thus, counsel's decision to not subpoena these witnesses was "reasonable considering all the circumstances", and reasonable under "prevailing professional norms".  Strickland, 466 U.S. at 688.  Counsel's conduct therefore meets the constitutional standard described in Strickland.

Even if Petitioner could meet the first prong of the Strickland test, Petitioner still fails to show that he meets the second prong of this test.  Indeed, Petitioner's allegation of ineffective counsel fails to satisfy the second prong of the Strickland test because he cannot show that his counsel's performance so seriously prejudiced his defense as to render the outcome of his trial unreasonable.  Further, Petitioner has not shown that there is a reasonable probability that, but for counsel's alleged errors, the outcome of his trial would have been different.  Strickland, 466 U.S. at 687.

Under the Strickland test, the burden of proof is on Petitioner to affirmatively prove that counsel's alleged misconduct actually had an adverse effect on the defense.  Id. at 693.  Petitioner here has failed to make any showing that testimony by the two witnesses, Mr. Best and Ms. Flynn, would likely have changed the outcome of his trial.  Petitioner has therefore failed to satisfy the second prong of the Strickland test and his petition must be denied.

Last, the issues presented by Petitioner in the instant motion were already considered and dismissed by this Court at the September, 2003 evidentiary hearing. Moreover, the Third Circuit affirmed this Court's finding that Petitioner's claim of ineffective counsel was without merit .

## **CONCLUSION**

Petitioner's ineffective assistance of counsel argument is wholly without merit. Petitioner has not demonstrated that counsel's performance failed to meet the constitutional standard or prejudiced his defense. Accordingly, after careful review of the record, the Court concludes that *pro se* Petitioner's Habeas Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 must be denied.

An appropriate Order follows.